**ALTER, GOLDMAN & BRESCIA, LLP**　　Hearing Date: February 15, 2007
**550 MAMARONECK AVENUE**　　　　Hearing Time: 10:00 a.m.
**SUITE 510**
**HARRISON, NEW YORK 10528**
**(914) 670-0030**


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

|  |  |
|---|---|
|  | Chapter 11 |
| AMY RUTH, INC., | Case No. 05-19025 (brl) |
| Debtor. |  |

--------------------------------------------------------x
**First and Final Fee Period: 9/28/2005 to 2/15/2007**

| | |
|---|---|
| Interim fees previously sought | $0.00 |
| Interim disbursements previously sought | $0.00 |
| Fees sought for entire Chapt.11 Period | $63,311.50 |
| Retainer paid | $15,000.00 |
| Net Final Fees Requested | $48,311.50 |
| Disbursements sought for entire Chapter 11 Period | $3,010.29 |
| **Net total for First and Final Fees & Expenses Sought** | **$51,321.79** |

**SUMMARY SCHEDULE OF FEES SOUGHT IN FIRST AND FINAL APPLICATION OF ALTER, GOLDMAN & BRESCIA, LLP, AS ATTORNEYS FOR DEBTOR FOR THE CHAPTER 11 PERIOD OF SEPTEMBER 28, 2005 THROUGH FEBRUARY 15, 2007**

| NAME OF PROFESSIONALS | YEAR ADMITTED | HOURS EXPENDED | RATE | TOTAL | FEES CHARGED FOR SIMILAR WORK NOT IN BANKRUPTCY MATTERS AND % RECEIVED | |
|---|---|---|---|---|---|---|
| BRUCE R. ALTER | 1964 | 80.2 | $425.00 | $34,085.00 | 100% | |
| JODI L. GOLDMAN | 1982 | 0.00 | $350.00 | $0.00 | 100% | |
| DANA P. BRESCIA | 2001 | 38.8 | $250.00 | $9,700.00 | 100% | |
|  |  | 52.8 | $275.00 | $14,526.50 |  | |

- Hourly rates for similar work in non-bankruptcy matters are the same
- Time records are annexed as Exhibit "A" to the Application
- Blended hourly rate (excluding paraprofessional) $339.41.
- The retainer received by Alter, Goldman & Brescia, LLP in the sum of $15,000.00 is applied against this First and Final Fee Application.
- Summary based on fees from September 28, 2005 through January 15, 2007. Applicant will file an affidavit and description of services rendered during the period of January 16, 2007 through February 15, 2007 prior to the Hearing Date.

**ALTER, GOLDMAN & BRESCIA, LLP**    **Hearing Date: February 15, 2007**
**550 MAMARONECK AVENUE**    **Hearing Time: 10:00 a.m.**
**SUITE 510**
**HARRISON, NEW YORK 10528**
**(914) 670-0030**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                      Chapter 11

AMY RUTH, INC.,                          Case No. 05-19025 (brl)
                         Debtor.
------------------------------------------------------------x

### FIRST AND FINAL APPLICATION OF ALTER, GOLDMAN & BRESCIA, LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR DEBTOR AND FOR REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF DEBTOR DURING THE CHAPTER 11 PERIOD

**TO THE HONORABLE BURTON R. LIFLAND**
**UNITED STATES BANKRUPTCY JUDGE*:***

      The First and Final Application of Alter, Goldman & Brescia, LLP

(hereinafter "Applicant") for Allowance of Compensation for services rendered as

attorneys for Amy Ruth, Inc. (hereinafter "Amy Ruth " or "Debtor") and for

reimbursement of expenses incurred on behalf of Amy Ruth, during the Chapter

11 period of September 28, 2005 through February 15, 2007, respectfully shows

and alleges:

### APPLICANT'S HISTORY

      1.      Alter, Goldman & Brescia, LLP, formerly Alter & Goldman is a

partnership, the partners of which are Bruce R. Alter, Jodi L. Goldman and Dana

P. Brescia. All of said parties are attorneys at law and are admitted to practice in

the Courts of Record in the State of New York as well as the United States

District Court for the Southern and Eastern Districts of New York. The law firm of

2

Alter & Goldman is a successor in interest to the law firm of Helfand & Alter, P.C., formerly Barrett, Kliegman, Helfand & Alter, P.C., which had been in the business of practicing commercial law for over 40 years. Bruce R. Alter has more than 38 years of experience in all types of insolvency proceedings. Jodi L. Goldman has over 18 years of extensive experience in all forms of insolvency and debtor/creditor work, including state court proceedings and common law compromise. Dana Brescia was admitted to the bar in 2001 and has rendered certain services during the past year and a half. In general, Alter, Goldman & Brescia, LLP has developed a substantial degree of experience and expertise in the Bankruptcy Court and in the insolvency field.

2.    The within application is made for First and Final Allowances of Compensation for services rendered as attorneys to Debtor and for reimbursement of expenses incurred on behalf of Debtor and covers the entire Chapter 11 period of September 28, 2005 through February 15, 2007 (the "Chapter 11 Period").

3.    The professional services for which the within allowances are sought by Applicant were performed exclusively on behalf of and for the benefit of the Debtor in connection with Debtor's Chapter 11 proceeding and not on behalf of any creditors, committees, equity holders or officers or directors of Debtor. During said proceeding, Applicant represented no other party in connection with such Chapter 11 proceeding.

4. It is Applicant's respectful contention that the services rendered were both necessary and valuable to the Debtor and have resulted in a substantial benefit to Debtor.

5. Applicant kept a daily record which contains a detailed description of the services rendered each day. Pursuant to the guidelines of the United States Bankruptcy Court for the Southern District of New York, Applicant has provided Debtor and the Office of the United States Trustee with a copy of the typed transcript of the services performed with a brief description thereof, and the time expended for each item of services, each month since the commencement of the Chapter 11 proceedings, together with a contemporaneous statement of the disbursements actually incurred by Applicant.

6. The within Application is seeking allowances of compensation and reimbursement of expenses for the period of September 28, 2005 through February 15, 2007 (the "Fee Period"). Copies of said monthly timesheets for the period of September 28, 2005 through January 15, 2007, for which no application has previously been made, are annexed hereto and made a part hereof, marked Exhibit "A". Applicant is anticipating incurring additional fees and expenses of approximately $5,000.00 through February 15, 2007, the date Applicants First and Final Fee Request is scheduled to be heard. Said amount has been included in Applicant's First and Final Fee Request. Applicant will file an affidavit and description of services rendered and expenses incurred during the period of January 16, 2007 through February 15, 2007 prior to the hearing on this matter.

7.	Applicant's First and Final Fee Request is in the aggregate sum of $63,311.50, before crediting Debtor with a retainer of $15,000.00 previously paid. The amount of $48,311.50 remains unpaid.  Applicant's First and Final Fee Request for the reimbursement of expenses is in the aggregate sum of $3,010.29, all of which is unpaid.

## FORMAT OF APPLICANT

8.	In order to inform the court of the nature, extent, detail and complexity of the services rendered and for the court to have an overall picture of the Applicant's activities on behalf of the Debtor, Applicant has set forth the details of its services and a breakdown of hours attributable to the services rendered, by project attached hereto as Exhibit "A".  The hours attributable to each project have been set forth with as much precision as possible, bearing in mind that Applicant's services often overlap the project definitions set forth in such guidelines.

9.	At the time of retention, Applicant and Debtor agreed, subject to further review and order of the Bankruptcy Court, that Applicant's billing rate for services rendered would be at the rate of $425.00 per hour for Bruce R. Alter, $350.00 per hour for Jodi L. Goldman, Associate's time would be billed at a measurably reduced rate of $250.00 per hour, and $95.00 for paralegals time. Dana P. Brescia's rate was increased on or about April 1, 2006 from $250.00 per hour to $275.00 per hour.  Bruce R. Alter and Dana P. Brescia have performed all of the legal services to the Debtor.  Annexed hereto as Exhibit "B" is a certification by Bruce R. Alter made pursuant to the administrative guidelines by

the United States Bankruptcy Court for the Southern District of New York, and further certifying compliance with the Guidelines for Reviewing Applications for Compensation as promulgated by the United States Trustee.

## BACKGROUND OF PROCEEDINGS

10.     On September 28, 2005 Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor continued in possession of its assets and the management of its property as a Debtor-in-Possession.

11.     The Debtor is engaged in the business of operating a retail soul food restaurant with a place of business at 113 West 116th Street, New York, New York. Debtor has three (3) secured creditors.  Upper Manhattan Empowerment Zone Development Corporation ("UMEZ") has a secured claim in excess of $500,000.00.  The Internal Revenue Service has a secured claim of approximately $359,000.00 and New York State has a secured claim of approximately $636,000.00.

## THE CHAPTER 11 PROCEEDINGS

12.     Upon application of Alter & Goldman, as attorneys, this Court entered an Order signed by the Honorable Burton R. Lifland on October 18, 2005, retaining Alter & Goldman as bankruptcy counsel for the Debtor-in-Possession under a general retainer.  A copy of such Order is annexed hereto as Exhibit "C".

13.     An Official Committee of Unsecured Creditors has not been appointed in this case.  No accountants were retained by Debtor.

## CASE STATUS

14.     As of the present time, Debtor continues as a Chapter 11 Debtor in Possession and continues to operate at a profit. Debtor is currently seeking the approval of the sale of its assets pursuant to an Asset Purchase Agreement with Morning Star Restaurant Group LLC ("MSRG") as well as approval to assume and assign its non-residential real property lease to MSRG, which agreement shall be discussed in further detail below.

15.     By Order of this Court dated January 9, 2007, an Administrative Expense Claims Bar Date was established as February 14, 2007.  Debtor believes its only unpaid administrative expenses consist of taxes due to the New York State Department of Taxation and Finance, final allowances to Applicant pursuant to this Application, and United States Trustee fees to be incurred in connection with its anticipated dismissal.

16.     Based upon Debtor's Operating Reports through November 30, 2006 Debtor's cash on hand is $273,029. All quarterly fees have been paid to the United States Trustee.  Monthly reports through November 30, 2006 have been filed.

17.     A majority of Applicant's time and effort has been addressed in connection with attempting to sell the Debtor's business for a purchase price sufficient to pay all of Debtor's obligations.

18.      Debtor, its former accountants and bankruptcy counsel have made

every attempt to sell the business by contacting sources in the finance and restaurant industries as well as business brokers. Unfortunately, no one was interested in purchasing the business for an amount sufficient to pay all of Debtor's obligations, as the business is simply not worth the amount which Debtor would need to recover through such sale to enable it to pay all of its debts.

19. Contributing to the difficulty in selling the business, is the fact that the Lease for the Premises expires on November 14, 2008, providing any potential purchaser with a short period of time, less than two years, before it is faced with the possibility of having to relocate.

20. Debtor had previously entered into an agreement to sell the assets of the business to Tri Bakery Capital, LLC, free and clear of all Encumbrances, for a purchase price of $250,000.00. A motion was made by Applicant for approval of the agreement with Tri-Bakery Capital, LLC and a hearing was scheduled for June 29, 2006. Shortly before the hearing was to take place, it became apparent that Tri-Bakery Capital, LLC did not have sufficient funds to complete the sale in accordance with the agreement and your Applicant withdrew its motion to approve the agreement between Debtor and Tri-Bakery Capital, LLC.

21. After much time and effort negotiating, Debtor entered into a new agreement with MSRG to sell its assets, free and clear of all Encumbrances, for a purchase price of $475,000.00. In addition, pursuant to the terms of the Agreement, Debtor will assume its non-residential real property lease and assign

its remaining rights and obligations to MSRG.  Debtor's landlord has agreed to such assignment.

22.    Applicant has been involved in every aspect of negotiations in regards to the sale of Debtor's assets. Applicant has had numerous conversations with the attorneys for both Tri-Bakery Capital, LLC and MSRG as well as the attorney for Debtor's secured creditor UMEZ discussing the impact of the Asset Purchase Agreements on them. Applicant has spent numerous hours reviewing documents including various versions of the Asset Purchase Agreement, Lease Assumptions and Assignments and Bills of Sale as well as drafting Motions to Approve the Asset Purchase Agreements.

23.    Applicants efforts have resulted in the execution of the Asset Purchase Agreement with MSRG which is the best option available to Debtor and the only one which will enable Debtor to emerge from this bankruptcy proceeding.  Despite Debtors profitability, due to the exorbitant amount of secured debt incurred by Debtor, it will be impossible for Debtor to fund a plan of reorganization through its operations alone.

24.    The purchase price of $475,000.00, plus the profits generated from debtor's business will be used to pay Alter, Goldman & Brescia, LLP's allowed fees and expenses along with all other unpaid administrative expenses including post petition taxes.  The balance will be paid to Debtor's secured creditors in the priority as set forth in the provisions of the Bankruptcy Code.  It is Debtor's belief that all funds will be paid to UMEZ, as they appear to have the first secured recorded lien.

25.     The hearing for approval of the Asset Purchase Agreement with MSRG is scheduled to be heard on February 8, 2007 at 10:00 a.m.   Upon approval of the Asset Purchase Agreement, Debtor intends to consent to the pending motion of the United States Trustee to dismiss its bankruptcy proceeding.

26.     Applicant also spent much time and effort analyzing Debtors creditors and remaining debts to determine the amounts needed through a sale of Debtor's assets to enable it to pay all post petition obligations and a substantial portion of its secured debt to eventually dismiss its Chapter 11 proceeding.

27.     In addition to the services already provided, Applicant anticipates rendering additional services through the date of dismissal of the Chapter 11 proceeding including a) dealing with creditors of Debtor's estate; (b) monitoring Debtor's escrow account; (c) dealing with any other issues which arise in connection with Debtor's case.

28.     The Applicant has attended to all of the normal and usual tasks of administering a Chapter 11 case, such as attending all 341(a) meetings conducted by the United States Trustee; preparing and filing operating statements; making certain the United States Trustee quarterly fees are paid; insuring that Debtor-in-Possession bank accounts are properly administered; and liasing with the many and varied attorneys and individuals involved in this complicated proceeding.

29.     This Application is intended only as a summary of the legal services performed by Applicant.  It is virtually impossible to set forth herein specific details of each and every service rendered, each and every letter written and each and every phone call made. Exhibit "A" does, in chronological fashion, set forth the history of Applicant's services and does relay the substance of each and every service, which Applicant has billed.

30.     Applicant has not completed all of the services required for this Debtor for the completion of a Chapter 11 proceeding and will ultimately participate in the process of making distributions to Debtor's administrative and secured creditors and make certain all U.S. Trustee fees are paid and Debtor's chapter 11 case dismissed. Applicant will, on behalf of its client, continue to serve as general bankruptcy counsel for Debtor, and will render such services as are appropriate and called for.

## ALLOWANCES FOR COMPENSATION

31.     During the First and Final Fee Period for which Applicant makes this Application for allowances, Applicant has rendered 171.8 hours of professional services to Debtor.  The professional services rendered by Applicant demanded a high degree of professional competence and professional responsibility.  Applicant sought to render such services in an efficient and economical manner, dealing with the legal problems presented to Applicant, and which ranged through many areas of Law.  Applicant submits that the value of

the services rendered by it on behalf of Debtor were necessary, essential and beneficial to the estate and the creditors.

32.    Applicant asks that it be permitted, for its legal services performed during the First and Final Fee Period, the time consumed, the skill required by Applicant, and the benefit derived by the Debtor and its estate, the sum of $63,311.50 as compensation for all legal services rendered between September 28, 2005 through February 15, 2007, and further requests reimbursement to it of all disbursements incurred from September 28, 2005 through February 15, 2007 in the sum of $3,010.29.  No previous application has been made for allowances of compensation and reimbursement of expenses for the First and Final Fee Period.

33.    All disbursements for which Applicant seeks reimbursement were actual and necessary expenses billed in accordance with the guidelines of this Court and are of the kind customarily charged to non-bankruptcy clients of the Applicant.  All disbursements are summarized on Exhibit "A".  Applicant makes no profit on the disbursements for which it seeks reimbursement.  The average hourly billing rate of the legal services performed by Applicant during the period of September 28, 2005 through February 15, 2007, and for which Applicant seeks allowances here is $339.41 per hour for legal services, without including in such calculation the services rendered by paraprofessionals.

34.    Applicant has not billed any hours for the preparation of this Application, which required approximately five (5) hours at $275.00 per hour.

35.    No agreement prohibited by 18 US Code Section 155 has been heretofore made.

WHEREFORE, Applicant requests that it be granted allowances for the First and Final Fee Period, for compensation for professional services rendered as set forth in this Application, to this Applicant in the sum of $63,311.50, and for actual and necessary out-of-pocket expenses incurred by Applicant of $3,010.29, for a net allowance of $66,321.79, together with such other and further relief as to this Court may seem just and proper.

Dated:  Harrison, New York
   January 16, 2007     Respectfully submitted,
              **ALTER, GOLDMAN & BRESCIA, LLP**
              Attorneys for Debtor, Amy Ruth, Inc.

              By: **/s/ Dana P. Brescia**
              **Dana P. Brescia (DB 0501)**
              550 Mamaroneck Avenue
              Suite 510
              Harrison, New York 10528
              (914) 670-0030